UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONDY VERNON, SR.                                        CIVIL ACTION

VERSUS                                                   NO. 07-7608

BURL CAIN, WARDEN, ET AL.                                SECTION "A" (4)

### ORDER AND REASONS

The Court has carefully considered the petition, the record, the Report and Recommendation of United States Magistrate Judge, and the written objections to the Report and Recommendation filed by Petitioner, Rondy Vernon, Sr. The Magistrate Judge determined that Vernon's petition for habeas corpus relief is untimely. Vernon's written objections to the Magistrate Judge's Report and Recommendation casts new light on Vernon's factual allegations, which may have been unclear from the record. For the reasons that follow, this Court finds that Vernon's federal habeas petition was timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a petitioner to bring a § 2254 petition within one year of the date his conviction became final. 28 U.S.C. § 2244(d). The time during which a properly filed application for state post-conviction or other collateral review is pending does not count toward the limitation period. 28 U.S.C. § 2244(d)(2).

Vernon's conviction became final on December, 18 2003, and he filed his application for post-conviction relief less than eight

1

months later on August 30, 2004. That application remained pending at the trial court until denied on September 28, 2004. Vernon contends that he did not receive notice of the trial court's denial until November 10, 2005, at which point he immediately submitted a writ application to the Louisiana First Circuit on November 11, 2005. In the writ application he requested an extension of time to file a writ and exceed the page limits.

This Court finds the failure to receive notice of the trial court's denial entitles Vernon to equitable tolling from September 28, 2004 to November 10, 2005. Equitable tolling under the AEDPA is appropriate if a petitioner can show he has been pursuing post-conviction relief diligently and extraordinary circumstances prevented him from timely filing. <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2562 (2010). The record reflects that Vernon received no mail from the 22nd Judicial District Court, St. Tammany Parish in September or October of 2004, that Vernon attempted to supplement the trial court application on June 17, 2005, and that he filed a motion to compel the district attorney to answer his supplemental claims on October 27, 2005. Moreover, Hurricane Katrina, which struck the Gulf Coast on August 29, 2005, caused substantial delays in mail processing in the penitentiary. These facts support Vernon's contention that he was under the impression his application to the trial court was still pending throughout November 10, 2005. These facts also indicate that he actively

pursued relief during this time. Therefore, the petitioner has met his burden of showing he diligently pursued post-conviction relief and that extraordinary circumstances prevented him from filing a writ application to the Louisiana First Circuit in a timely fashion.

On November 11, 2005, Vernon filed a writ application to the Louisiana First Circuit requesting a time extension and permission to exceed the page limits of the brief. The Louisiana First Circuit granted that request in part on March 27, 2006, allowing Vernon until May 22, 2006 to file a writ application. The Louisiana First Circuit denied Vernon's request to exceed the page limits.

This Court finds that the AEDPA one-year time limit tolled from November 11, 2005 to May 19, 2006. The Supreme Court has held that an application is "pending" under the AEDPA as long as the ordinary state collateral review process is in continuance. Carey v. Saffold, 536 U.S. 214 (2002); Evans v. Chavis, 546 U.S. 189, 191 (2006). Following the Supreme Court reasoning in Carey, the Fifth Circuit ruled an application is pending if it is filed in compliance with state timeliness requirements. Grillette v. Warden, 372 F.3d 765, 771 (5th Cir. 2004). Where state courts grant a time extension in the course of the collateral review process, the AEDPA limitation is tolled within that period. Id. at 774; Dixon v. Cain, 316 F.3d 553 (5th Cir. 2003). Accordingly,

3

this Court finds that the November 11, 2005 writ application to the Louisiana First Circuit tolled the AEDPA one-year time limitation.

Vernon filed a writ application within the time extension on May 19, 2006. The Louisiana First Circuit denied the application on August 21, 2006 for failing to comply with the March 27, 2006 order. Vernon's writ application exceeded the page limits. Although Vernon failed to comply with the order, the Court finds that his writ application was "properly filed" for purposes of the AEDPA.

An application is "properly filed" when its delivery and acceptance are in compliance with the applicable filing rules. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Applicable filing rules pertain to procedural filing requirements such as rules governing notice and time and place of filing. See e.g. Villegas v. Johnson, 184 F.3d 467, 470 (5th Cir. 1999). Thus, if a procedural filing requirement is an absolute bar to filing such that it provides no exceptions and the court need not examine the issues on the merits, the application is not properly filed. Larry v. Dretke 361 F.3d 890, 893-94 (5th Cir. 2004)

In Villegas, the Fifth Circuit overturned a district court finding that a successive state court application was not properly filed because petitioner did not satisfy one of the exceptions set forth in the statute permitting successive state court applications. Villegas, 184 F.3d 467. The Fifth Circuit ruled

4

that petitioner properly filed the second state court application although the application was not otherwise meritorious. Id. In Larry, the Fifth Circuit affirmed a district court's ruling that an application filed at the appellate court was not properly filed because the appellate court lacked jurisdiction to review the application until the conviction was final in state court. Larry v. Dretke 361 F.3d 890, (5th Cir. 2004).

This Court finds that Vernon's application was "properly filed." State court appellate judges may, in their discretion, review an application that exceeds the page limits. Thus, Vernon's case is distinguishable from Larry, where the court lacked jurisdiction to review application. Rather, Vernon's case is similar to Villegas insofar as Vernon's claim could be heard on the merits, but the appellate court refused to do so. Thus, Vernon's application remained pending until the Louisiana Fourth Circuit denied his petition on August 21, 2006.

Thirty days passed before Vernon submitted a writ application to the Louisiana Supreme Court on September 20, 2006. The Louisiana Supreme Court denied that application on September 14, 2007. Vernon delivered a petition for federal habeas corpus relief 25 days later on October 19, 2007.

Vernon's written objections to the Magistrate Judge's Report and Recommendation shed new light on the facts of the case. This Court finds that Vernon has met the requirements for equitable and

statutory tolling, and that his federal habeas corpus petition is timely filed.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Objection to the Magistrate's Report and Recommendation** is **GRANTED**. This matter is **REFERRED** to the assigned magistrate judge for a determination on the merits.

March 15, 2011

```
_____
        JAY C. ZAINEY
    UNITED STATES DISTRICT JUDGE
```