Case 2:07-cv-07608-JCZ-KWR   Document 26   Filed 01/09/12   Page 1 of 2

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-30705
USDC No. 2:07-CV-7608

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   JAN   9 2012

LORETTA G. WHYTE
CLERK

RONDY VERNON, SR.,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

O R D E R:

Rondy Vernon, Sr., Louisiana prisoner # 93669, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application for a writ of habeas corpus. Vernon filed his § 2254 application to challenge his life sentence for second degree murder. Vernon contends that his counsel rendered ineffective assistance by failing to do the following: (1) investigate the competency of the grand jury; (2) challenge the expertise of Dr. Juan Contin; (3) hire an expert in the field of forensic pathology; and (4) challenge the expertise of Dr. Thomas Callaghan.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits, a COA will be granted only if the prisoner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Vernon has failed to make the

Case 2:07-cv-07608-JCZ-KWR    Document 26    Filed 01/09/12    Page 2 of 2

No. 11-30705

requisite showing.  Accordingly, his request for a COA is denied.  *See id.*

Vernon fails to raise the following claims in his COA motion before this court: (1) he was denied a meaningful appeal in violation of the Due Process Clause because the transcript from the *Daubert*[1] hearing was missing, and (2) the trial court lacked jurisdiction over his murder case because the victim died in Texas.  Additionally, he does not raise the following claims that counsel rendered ineffective by failing to: (1) obtain a copy of the "Trinity Marine Products Security Log Book;" (2) obtain copies of the records and receipts from a motel in El Paso; (3) investigate whether there were any witnesses who could have identified him and the victim as they traveled together; (4) investigate the relationship between the victim and her boyfriend; (5) investigate the evidence found at the crime scene; (6) investigate the weather on the night of the crime; (7) investigate his relationship with the victim; (8) hire a DNA expert; (9) hire an expert to test the blood found on a knife; (10) investigate whether the victim appeared to have been in a struggle with someone prior to entering the trunk of her vehicle; and (11) challenge the improper handling of the knife and the crime scene.  Vernon also does not raise his claim that counsel rendered ineffective assistance by informing prospective jurors during voir dire that they "were appointed by the Court to represent Petitioner."  Vernon has abandoned the above claims by failing to raise them in his COA brief before this court.  *See Yohey v. Collins*, 985 F.2d at 222, 224-25 (1993).

COA DENIED.

E. GRADY JOLLY
UNITED STATES CIRCUIT JUDGE

A true copy
Attest
Clerk, U. S. Court of Appeals, Fifth Circuit
By
Deputy
New Orleans, Louisiana

JAN 0 9 2012

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

2